IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALBERTO PEREZ-JACOME,**

              **Plaintiff,**

    v.                                    CASE NO. 12-3205-SAC

**UNITED STATES OF AMERICA, et al.,**

              **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a *Bivens*[1]-type civil rights action filed by a prisoner in federal custody. Plaintiff proceeds pro se. Because he has submitted neither the $350.00 filing fee nor a motion to proceed in forma pauperis, the court will direct him to submit either the fee or that motion.

*Screening*

The federal court is required to conduct a preliminary review of any case in which a prisoner seeks relief from a governmental entity or an officer of employee of such an entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss any part of the complaint it determines is frivolous, malicious, fails to state a claim for relief, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §1915A(b).

*Background*

The complaint states that on January 11, 2006, DEA agents searched plaintiff's residence in Kansas City, Kansas, and his vehicle. Agents seized approximately $14,000.00 in U.S. currency

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

incident to the search. Plaintiff subsequently was convicted of various drug crimes, and the conviction was affirmed on appeal. *United States v. Perez-Jacome*, 356 Fed. Appx. 212, 216 (10th Cir. 2009). He states there were no judicial forfeiture proceedings and that he did not receive notice of any nonjudicial forfeiture. He seeks the return of the currency seized, compensation for the loss of his vehicle, and the costs of this action.

The court takes judicial notice that before commencing this action, plaintiff unsuccessfully sought the return of the vehicle[2] and a portion of the currency seized by filing a motion pursuant to Fed. R.Crim.P. 41(g). *United States v. Perez-Jacome*, 2012 WL 3245452 (D. Kan. 2012).

### Discussion

Plaintiff seeks relief from the forfeiture of seized currency and assets on the ground he did not receive notice.

Currency and assets traceable to drug trafficking are subject to federal government forfeiture made through a civil action. 18 U.S.C. § 981. The Civil Asset Forfeiture Reform Act of 2000 (CAFRA) establishes the procedures for forfeiture actions begun after August 23, 2000. 18 U.S.C. § 983.

The statutory provisions of the CAFRA are "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). It is settled that Congress may deprive the federal courts of their equitable remedy

---

[2] In that action, plaintiff's claim concerning the seizure of his vehicle was dismissed. The government argued that the vehicle was never seized, and the court found no evidence had been presented by the plaintiff. Because the court will enter an order to show cause in the present action on other grounds, no additional discussion of the vehicle is warranted.

jurisdiction by creating a comprehensive enforcement framework with an exclusive remedy provision. *Conard v. U.S.,* 470 Fed. Appx. 336, (5th Cir. 2012)(citing *United States v. Babcock*, 250 U.S. 328, 331 (1919)("where a statute creates a right and provides a special remedy, that remedy is exclusive")).

The CAFRA remedy provides that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture…." 18 U.S.C. § 983(e)(1). Such a motion must be filed within five years from the date of the final publication of the seizure notice. *See* 18 U.S.C. § 983(e)(3).

The court notes that the final notices of the seizures relevant to this matter were published in the Wall Street Journal on June 26, 2006.[3]

Having examined the complaint and having considered the materials presented in the plaintiff's criminal case, the court is considering the dismissal of this matter for failure to state a claim for relief. First, the motion remedy under CAFRA is the exclusive remedy provided; second, even if plaintiff's pleading might be liberally construed as an appropriate motion, the matter is not timely. The notices were presented in June 2006, and the present action was filed in September 2012, over six years later, outside the limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including January 18, 2013, to submit the filing fee or a motion for leave to proceed in forma pauperis.

---

[3]The published notices to plaintiff were documented in Case No. 06-20021-JWL, *United States of America v. Perez-Jacome*, Doc. 714, p. 2. Copies of the relevant pages, showing the publication date and the two entries under plaintiff's name, are attached.

IT IS FURTHER ORDERED that on or before January 13, 2013, the plaintiff shall show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 19th day of December, 2012, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge