**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ALBERTO PEREZ-JACOME,**

                **Plaintiff,**

     **v.**                                    **CASE NO. 12-3205-SAC**

**UNITED STATES OF AMERICA, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a *Bivens*-type civil rights action filed by a prisoner in federal custody. Plaintiff seeks the return of currency that was the subject of a civil forfeiture action in 2006 and the return of a vehicle that he alleges was lost due to the negligence of the defendants. The currency was seized incident to a search of plaintiff's residence on or about April 29, 2006.

By an earlier order, the court directed plaintiff to submit the filing fee or a motion to proceed in forma pauperis and to show cause why this matter should not be dismissed for failure to state a claim for relief. Plaintiff filed a response but has not submitted the fee or motion to proceed in forma pauperis.

In its earlier order, the court pointed out that the currency assets in question were the subject of a civil forfeiture proceeding, that notices were published in the *Wall Street Journal* on June 26, 2006, and that the motion remedy under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) is an exclusive remedy. Plaintiff does not respond specifically to these statements. Rather, he states that he did not consent to the forfeiture in question, and that his vehicle,

a van, was lost due to the negligence of the defendants. He contends this matter is subject to a three-year statute of limitations, that it is timely, and that he is entitled to relief.

The court has examined the record carefully and concludes this matter must be dismissed. First, plaintiff has not submitted the filing fee or a motion to proceed in forma pauperis. Next, as set out in the court's earlier order, the currency assets were the subject of a forfeiture in 2006, and plaintiff's present action, even if liberally construed as an appropriate motion under CAFRA, was not filed within the five year period allowed by statute. *See* 18 U.S.C. § 983(e)(1)-(3).

Next, there is no evidence that the van was seized, as noted in *United States of America v. Perez-Jacome*, Case No. 06-20021-JWL. Finally, to the extent plaintiff asserts a claim of negligence against the defendants, he does not state a claim under *Bivens*,[1] because negligence by a government agent or public official is insufficient to allege the violation of a constitutional right. *Daniels v. Williams*, 474 U.S. 327, 330-33 (1986).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 30th day of January, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Contrary to plaintiff's assertion that a three-year limitation period applies to this matter, a *Bivens* action accruing in Kansas is subject to a two-year limitation period for injury to the rights of another under state law. *See* K.S.A. 60-514(a)(2).